James A. COX; Cindy S. Cox, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs—Appellants,

v.

VIACOM INTERNATIONAL INC., a Delaware corporation, Successor in Interest to Gulf + Western Inc. & Paramount Communications Inc.; Bank of New York Company, Inc., a New York corporation, Defendants—Appellees.

No. 03–35536.

D.C. No. CV–02–01598–KI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2004.

Decided Aug. 5, 2004.

---

539—40 (9th Cir.1998).

Helen T. Dziuba, Esq., Lake Oswego, OR, Robert J. McGaughey, Esq., Portland, OR, for Plaintiff-Appellant.

Steven K. Blackhurst, Esq., Lori Irish Bauman, Esq., Ater Wynne Hewitt Dodson & Skerritt, Portland, OR, for Defendant-Appellee.

Before REAVLEY,* W. FLETCHER, and TALLMAN, Circuit Judges.

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

## MEMORANDUM **

Plaintiffs James and Cindy Cox appeal the district court's dismissal of their complaint for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse and remand.

The plaintiffs' Amended Complaint sufficiently pled scienter to satisfy the Private Securities Litigation Reform Act of 1995 ("PSLRA") with respect to both the initial mailing of the Notices and the subsequent correspondence with Bank employees. See 15 U.S.C. § 78j(b)(2). The plaintiffs specified the material misstatement in the Notices about the date of mailing, and alleged that Ms. Thomas, the person responsible for mailing the Notices, worked in a position of some authority at the Bank of New York, knew the contents of the Notice, and knew about the Bank's internal mail routing procedures. The plaintiffs further allege that on July 1, the Bank and certain of its employees, including Ms. Thomas, knew that the Notice had not been mailed on that day, and that the Bank caused postage meter stamps dated July 2 and 3, 2002, to be placed on the Notices. The plaintiffs also contend that after Mr. Cox tendered his debenture, Ms. Salovitch–Miller and Ms. Lubitz both knew at the time of their correspondence with Mr. Cox that the Notices were not timely and thus not enforceable.

These allegations sufficiently describe the plaintiffs' claims to withstand a motion to dismiss under Rule 12(b)(6) and to warrant discovery of the allegations that the Notices were actually mailed on or after July 3, that the Bank and its employees instead represented July 1, 2002, as the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

date of mailing, that responsible persons at the Bank knew that these statements were false, and that they had this knowledge when they made representations to the plaintiffs and other debenture holders. These detailed allegations of actual knowledge are sufficient to plead scienter. *See In re Silicon Graphics Sec. Litig.,* 183 F.3d 970, 976–77 (9th Cir.1999) (describing the requirement of pleading "intentional or knowing misconduct"). We express no opinion as to whether the plaintiffs have adequately pled the other elements of their claim or whether the Coxes are appropriate representatives of the putative class. We leave those decisions to the district court on remand.

REVERSED and REMANDED.